## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

### COURT FILE NO.:

Keenan Orcutt,
    Plaintiff

v.

Alpha Recovery Corporation,
    Defendant.

_____

### COMPLAINT AND JURY DEMAND
_____

### NATURE OF ACTION

1.  This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

### PARTIES

4.  Plaintiff, Keenan Orcutt ("Plaintiff"), is a natural person who at all relevant times resided in the State of Colorado, County of El Paso, and City of Ramah.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Alpha Recovery Corporation ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a personal residential lease agreement (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated April 7, 2016.

12. A true and correct copy of Defendant's April 7, 2016 letter is attached to this complaint as Exhibit A.

13. Defendant's April 7, 2016 letter was its initial communication with Plaintiff with respect to the Debt.

14. Defendant's April 7, 2016 letter contained the statements required in an initial communication by 15 U.S.C. § 1692g(a).

15. On or around April 22, 2016, Plaintiff sent Defendant a dispute letter requesting that Defendant verify the balance of the Debt.

16. A true and correct copy of Plaintiff's April 22, 2016 dispute letter is attached to this complaint as Exhibit B.

17. In response to Plaintiff's April 22, 2016 dispute letter, Defendant sent Plaintiff a letter dated April 28, 2016 that stated: "Enclosed please find the documents of which you recently requested. Please contact our office to further discuss your debt."

18. A true and correct copy of Defendant's April 28, 2016 letter with enclosed documents are attached to this complaint as Exhibit C.

19. The enclosed document that Defendant provided was a copy of Plaintiff's lease agreement.

20. Defendant's April 28, 2016 letter failed to verify the balance of the Debt.

21. In addition, in or around mid-April of 2016, Defendant placed at least one call to Plaintiff's grandmother's phone number revealing that Plaintiff owed a debt.

22. Plaintiff's grandmother in turn contacted Plaintiff's father to express that she was upset that Defendant called her with regards to Plaintiff's Debt.

23. Defendant did not have Plaintiff's consent, or the express permission of a court of competent jurisdiction to communicate with any person in connection with the collection of the Debt.

24. Therefore, Defendant's communications with Plaintiff's grandmother were unauthorized communications with a third party in connection with the collection of the Debt.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692b(2)

25. Plaintiff repeats and re-alleges each factual allegation above.

26. Defendant violated 15 U.S.C. § 1692b(2) by disclosing to a third party the existence of the Debt allegedly owed by Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(b)

27. Plaintiff repeats and re-alleges each factual allegation above.

28. Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party other than in the manner prescribed by 15 U.S.C. § 1692b, without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(b)

29. Plaintiff repeats and re-alleges each factual allegation above.

30. Defendant violated 15 U.S.C. § 1692g(b) by continuing to contact Plaintiff without having first provided verification of the debt, after having received a written communication from Plaintiff disputing the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

Dated: September 2, 2016

    Respectfully submitted,

    s/ Russell S. Thompson, IV
    Russell S. Thompson, IV (029098)

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com

<u>s/ Joseph Panvini</u>
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8875
866-317-2674 facsimile
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff

6